**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **1:06CR35LG-JMR** |
| | § | |
| **DON JEFFREY HARRIEN** | § | |
| **WILLIE JAMES JONES** | § | |

**ORDER DENYING DEFENDANTS'
MOTION TO SUPPRESS EVIDENCE**

This cause comes before the Court on the Motion to Suppress evidence filed by the

Defendants, Don Jeffrey Harrien and Willie James Jones.  Defendant Lukus Antonio Harper

filed a joinder in the instant motion on August 1, 2006.  Defendants seek exclusion of all of the

physical evidence gathered which form the basis of the charges brought in the indictment on

the grounds that the "knock and announce" rule was violated.  After due consideration of the

evidence of record, the briefs of the parties, and the applicable law, and being otherwise fully

advised in the premises, the Court finds that Defendants' Motion should be denied for the

reasons that follow.

FACTS AND PROCEDURAL HISTORY

On May 3, 2006, Defendants were present at a home located on 3501 Northward Drive,

in Gulfport, Mississippi.  Sometime during the day, law enforcement officials entered the

home for the purpose of executing a search warrant.  Officers discovered significant quantities

of crack cocaine and cocaine hydrochloride in the midst of being converted into crack cocaine.

The indictment charges Defendants with three counts of possession with intent to distribute

both crack cocaine and cocaine hydrochloride and a forfeiture count.

DISCUSSION

In the instant motion, the Defendants do not take issue with the legal validity of the search warrant, rather they contend that its execution was in violation of established law. Defendants submit that law enforcement officials "threw a smoking device in the home, busted in and found the Defendants in a room where their [sic] was no narcotics."  ¶ 1 Defendants' Motion.  Defendants contend that because the warrant clearly indicated that the search was a "knock and announce" type of search, law enforcement officials entered the home illegally and as such, all evidence obtained as a result of the illegal entry should be suppressed.

The recent decision by the United States Supreme Court in *Hudson v. Michigan*, 126 S.Ct. 2159 (June 15, 2006) controls.  Justice Scalia, writing for the majority, concluded that "the social costs of applying the exclusionary rule to knock-and-announce violations are considerable; the incentive to such violations is minimal to begin with, and the extant deterrences against them are substantial-incomparably greater than the factors deterring warrantless entries when *Mapp* was decided.  Resort to the massive remedy of suppressing evidence of guilt is unjustified." *Id*. at 2168.  The Court reasoned that the "knock-and-announce rule does not protect one's interest in preventing the government from seeing or taking evidence described in a warrant.  Thus, where interests that are violated have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable." *Id*. at 2165.

The search warrant in the instant case was valid.  The manner of entry for purposes of conducting the search as in *Hudson*, "was *not* a but-for cause of obtaining the evidence." Whether the officers knocked and announced themselves or not, law enforcement would have executed the warrant they had obtained, and would have discovered the drugs inside the house.

-2-

*Hudson*, 126 S.Ct. at 2164.  Accordingly, the evidence should not be suppressed.

      **IT IS ORDERED AND ADJUDGED** that Defendants' Motion to Suppress filed July

21, 2006, [57-1] should be and is hereby **DENIED**.

      **SO ORDERED AND ADJUDGED** this the 10th day of August, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE